# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **CARL REGESTER** | : | **DOCKET NO. 16-cv-1051** |
| **B.O.P. # 13988-280** | | |
| **VERSUS** | : | **JUDGE MINALDI** |
| **USA** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is the application for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2241 by *pro se* petitioner Carl Regester ("Regester"). Regester is an inmate in the custody of the Federal Bureau of Prisons ("BOP"). At the time of filing, he was incarcerated at the Federal Correctional Institute in Oakdale, Louisiana. He was subsequently transferred to Federal Prison Camp Maxwell ("FPCM") in Montgomery, Alabama. This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

Rule 41(b) of the Federal Rules of Civil Procedure permits dismissal of claims based on the plaintiff's failure to prosecute or to comply with a court order. The district court also has the inherent authority to dismiss an action *sua sponte*. *Link v. Wabash R.R. Co.*, 82 S. Ct. 1386, 1388–89 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 1388.

In this case, Regester was directed to amend his petition with response due by January 3, 2017. Doc. 11. The document was mailed to him at the last address supplied, at FPCM. To date,

Regester has not complied with the amend order nor has he had any further correspondence with this court.

Therefore,

**IT IS RECOMMENDED** that Regester's *habeas corpus* petition be **DISMISSED WITHOUT PREJUDICE** in accordance with the provisions of Federal Rule of Civil Procedure 41(b).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), bars an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers this 12th day of May, 2017.

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE